1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| QUESTER STERLING-SUAREZ, | ) Case No.: 1:15-cv-01883-JLT |
| | ) |
| Petitioner, | ) FINDINGS AND RECOMMENDATIONS TO |
| | ) DISMISS PETITION FOR WRIT OF HABEAS |
| v. | ) CORPUS |
| | ) |
| ANDRE MATEVOUSIAN, | ) ORDER REQUIRING THAT OBJECTIONS BE |
| | ) FILED WITHIN TWENTY-ONE DAYS |
| Respondent. | ) |
| | ) ORDER DIRECTING CLERK OF COURT TO |
| | ) ASSIGN DISTRICT JUDGE TO CASE |

In this action, Petitioner challenges his 2005 conviction for aiding and abetting a murder and the life sentence imposed as a result.  (Doc. 1, pp. 1-2).  Specifically, Petitioner challenges the jury instruction given at trial regarding the mental state for a conviction for "aiding and abetting" the use of a firearm under 18 U.S.C. § 924(c), which, Petitioner maintains, has been significantly altered by the U.S. Supreme Court case of <u>Rosamond v. United States</u>, __U.S.__, 134 S.Ct. 1240, 188 L.Ed.2d 248 (2014).  Petitioner further contends that, based on <u>Rosamond</u>, he is "actually innocent" and that he is entitled to proceed via § 2241 even though he is challenging his conviction, not the execution of his sentence.  (Doc. 1, pp. 26-28).

Because the Court has determined that Petitioner's challenge to his original sentence is not entitled to the "savings clause," and therefore should have been brought in the trial court as a motion pursuant to 28 U.S.C. § 2255, the Court will **RECOMMEND** that the instant petition be **DISMISSED**.

1

I.      DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction.  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing court has jurisdiction.  Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner alleges that Rosamond v. United States should result in the Court setting aside his conviction because he did not have prior knowledge that his accomplice had a weapon.  Thus, he makes a direct challenge to his conviction rather than to the execution of his sentence.  Indeed, Petitioner concedes as much in his petition.

The proper vehicle for making such a challenge is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not a habeas corpus petition.  Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention."  Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has recognized that this is a very narrow exception.  Id; Ivy v.

1  Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had

2  the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v.

3  Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses

4  statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion

5  is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000)

6  (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do

7  not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957);

8  Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d

9  1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All

10  Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or

11  ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

12      In Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy under

13  a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but

14  procedurally barred from filing a second or successive motion under § 2255.  Ivy, 328 F.3d at 1060-

15  1061.  That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following

16  two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been

17  convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this

18  claim." Id. at 1060.

19      Petitioner contends that he has never had an unobstructed procedural shot at presenting his

20  claim because Rosamond was decided after Petitioner had already filed his first § 2255 petition in the

21  sentencing court.[1]  (Doc. 1, p. 5).  Leaving aside that contention for the moment, it is clear that

22  Petitioner has failed to meet the second prong, i.e., actual innocence.        .

23      "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is

24  more likely than not that no reasonable juror would have convicted him."  Bousley v. United States,

25  523 U.S. 614, 623 (1998)(*quoting* Schlup v. Delo, 513 U.S. 298, 327-328 (1995)); Stephens v. Herrera,

26  

27  [1] While this is true, Rosamond was decided a full year before the Court ruled on his § 2255 petition. (Doc. 1 at 4) Thus, Petitioner's claim that [Rosamond] was unavailable during petitioner's . . . first 2255" is incorrect.  Rather, Petitioner

28  offers no explanation for his failure to alert the sentencing court during the proceedings on his § 2255 petition of the Rosamond  decision and how he believed it impacted his conviction.

464 F.3d 895, 898 (9th cir. 2008).  "[A]ctual innocence means factual innocence, not mere legal insufficiency," and "in cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges."  Bousley, 523 U.S. at 623-624 (emphasis supplied).  However, a petitioner's obligation to demonstrate actual innocence is limited to crimes actually charged or consciously forgone by the Government in the course of plea bargaining.  See, e.g., id. at 624 (rejecting government's argument that defendant had to demonstrate actual innocence of both "using" and "carrying" a firearm where the indictment only charged using a firearm).

Although the Supreme Court has provided little guidance regarding the nature of an "actual innocence" claim, the standards announced by the various circuit courts contain two basic features: (1) actual innocence, and (2) retroactivity.  E.g., Reyes-Requena v. United States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d 605 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hansard, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

In Rosamond, the Supreme Court held that conviction of a charge of aiding and abetting an 18 U.S.C. § 924(c) violation requires proof of advance knowledge that a co-defendant would use or carry a gun.  Rosamond, 134 S.Ct. at 1249-50.  Thus, Rosamond is not relevant to the issue of whether Petitioner is actually innocent of that charge, but rather to whether he is legally innocent of that charge.  As mentioned, in this case, the Court need not determine whether Petitioner has had an unobstructed procedural shot or whether his claim, based on Rosamond, is one involving factual, or merely legal, innocence, because Rosamond is presently inapplicable to cases, such as the instant one, that are on collateral review.

Instead, Rosamond was decided on direct review, and, accordingly, the Supreme Court had no occasion to address an actual innocence claim, but rather merely the underlying instructional error claim.  Moreover, there is no indication in the decision by the Court that the rule declared therein regarding the mental state required to aid and abet a § 924(c) offense would apply retroactively on collateral appeal.  Reyes-Requena, 243 F.3d at 903.  For this reason alone, Petitioner is not entitled to avail himself of the "savings clause."

4

Section 2255 motions must be heard in the sentencing court.  28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-865.  Because this Court is only the custodial court and construes the petition as a § 2255 motion, this Court lacks jurisdiction over the petition.  Hernandez, 204 F.3d at 864-865.  In sum, should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### ORDER

For the foregoing reasons, the Clerk of the Court is HEREBY DIRECTED to assign a United States District Court judge to this case.

### RECOMMENDATION

Accordingly, the Court **RECOMMENDS** that the Petition for Writ of Habeas Corpus be **DISMISSED**.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed **within 10** days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  __**January 6, 2016**__                    _____**/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE